WILLIAM S. PETTIT and Others, Respondents, v. JAMES EMERY and DOROTHY EMERY, Appellants.— Order of the County Court of Nassau county, denying defendants' motion to vacate judgment, affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Young, Carswell, Scudder and Tompkins, JJ., concur.

CHARLES PODSEN, Appellant, v. ALBERT G. HICKLAND, Respondent, and FEDERATION BANK AND TRUST COMPANY, Defendant.— Order denying in part and granting in part plaintiff's motion to vacate notice of examination before trial, in so far as appealed from, and order denying in part and granting in part plaintiff's motion for a bill of particulars, in so far as appealed from, affirmed, with ten dollars costs and disbursements. Examination to proceed on five days' notice at place and hour stated in order. No opinion. Lazansky, P. J., Rich, Kapper, Hagarty and Scudder, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HARRY JAMES STYLES, Appellant.— Judgment of conviction of the County Court of Queens county reversed upon the law and the facts and a new trial ordered. A careful examination of the evidence compels the view that the defendant's guilt was not established beyond a reasonable doubt. Moreover, the testimony relied upon as corroborative of the prosecution's chief witness does not corroborate that witness' testimony, so far as the character and content of his version of the conversation between himself and the defendant is concerned, the conflicting version of which conversation, as testified to by the defendant on trial of *People* v. *Berg*, is made the basis of this prosecution for perjury. This so-called corroborative testimony is just as consistent with the defendant's version of the character and content of the talk which he claims to have had with the prosecution's chief witness as it is with the character and content of that witness' version, no matter on what day that conversation was had, since that version, as given by the defendant on the Berg trial, was coupled with an assertion that no third party was present at the time that conversation was had. On the present state of the proof, the case thus reduces itself merely to an oath against an oath, which is insufficient to sustain a perjury conviction. (*People* v. *Stone*, 32 Hun, 41, 42; *People* v. *Doody*, 72 App. Div. 372, 383; affd., 172 N. Y. 165; Underhill's Crim. Ev. [2d ed.], § 468.) Lazansky, P. J., Young, Carswell, Scudder and Tompkins, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOSEPH ASTARITA, Respondent, v. Mrs. CHARLES BENNETT SMITH, Individually and as President of the Civil Service Commission of the State of New York, WILLIAM GORHAM RICE and JOHN C. CLARK, Individually and as Members of the Civil Service Commission of the State of New York, Appellants.— Peremptory mandamus order granting relator's motion modified by providing for an alternative mandamus order, and as thus modified unanimously affirmed, without costs, on the authority of *People ex rel. Tevlin* v. *Smith* (*post*, p. 850), decided herewith. Present — Lazansky, P. J., Young, Carswell, Scudder and Tompkins, JJ.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN F. W. MEAGHER and ANNA MARTIN RALSTON, Respondents, v. CHARLES W. BERRY, as Comptroller of the City of New York, Appellant.— Peremptory mandamus order affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Rich, Kapper, Hagarty and Scudder, JJ., concur.